Laycock vs. City.

No. 9127.

S. G. LAYCOCK vs. CITY OF BATON ROUGE.

If Section 14, of Act 44, of 1878. which is the charter of the City of Baton Rouge, was incon-
sistent with the Constitution of 1879, it was either repealed or amended so as to conform
with it. If it was not, it reads as the organic law does.

The City Council of Baton Rouge has a right to levy a tax not exceeding six mils for the
State and ten mills for the city, under the very terms of the Constitution (art. 209).

APPEAL from the Seventeenth District Court, Parish of East
Baton Rouge. *Sherburn*, J.

*Knox & Laycock* and *C. D. Favrot* for Plaintiff and Appellant.

*C. C. Bird*, City Attorney, for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an injunction proceeding involving the
legality or constitutionality of a municipal tax.

From an adverse judgment the plaintiff has appealed.

It appears that the city of Baton Rouge, in December, 1881, levied a
tax of ten mills on the dollar of the valuation of property within its
corporate limits and that on plaintiff's failing to pay it, his real estate
was seized and advertised for sale, but that the sale was judicially
arrested.

The contention is, that in attempting to raise that percentage the
corporation has transgressed its powers. In support of that position,
section 14, of Act 44 of 1878, which is the city charter, is invoked.

It is claimed that under its organic law the city can collect only
" such rate of taxation not exceeding the total State tax on every dollar
of valuation," and that inasmuch as by Article 209 of the Constitution
now in force, " the State tax for all purposes whatever shall not exceed,
in any one year, *six* mills on the dollar of assessed value," the unavoid-
able consequence is that the power of taxation vested by the charter in
the corporation is restricted to a like rate.

On the other hand, it is insisted that at the date of the adoption of
the charter, 1878, the State tax was of fourteen mills and a half, and
that when the Legislature gave to the city of Baton Rouge the charter
under which the plaintiff seeks refuge, it intended to limit taxation by
it to that percentage.

It is further urged that this legislation was continued in force by the
Constitution, at least so as to authorize municipal taxation up to ten
mills and no more; and that, as the tax claimed is not in excess of that
limit, it is legal and exigible.

It may, perhaps, be difficult to ascertain what the intention of the Legislature was when it granted the charter in question; whether taxation by the city of Baton Rouge was never to exceed the rate of taxation for that year (1878), or whether it could fluctuate with the State tax itself, from year to year.

Be that as it may, the inquiry is simply whether the section invoked was either modified or repealed?

The litigants virtually admit that it could be either, for while plaintiff's contention is that it was altered by the addition of the *proviso* that the State tax shall never exceed *six* mills, the defendant's is that it was amended, or even recalled, so as to limit city taxation to *ten* mills.

It is needless to determine specially whether the section was amended or repealed, for it is enough that it was a piece of legislation susceptible of either and that there had been legislation on the same subject-matter.

The Legislature of 1878 did not, and could not, contemplate to enact a legislation which could not be revised.

A convention, the direct representative of the people, clothed with plenary powers to legislate on all subjects properly pertaining to a Constitution, the dominion over which had not been formally abdicated in favor of the General Government, had the indisputable right to modify or revoke the charter of Baton Rouge in every respect, save that of impairing the obligation of contracts, if it was thought advisable to do so.

One of the main objects of the convention was to relieve the people as far as practicable from the oppressive taxation under which they had groaned during the previous quarter of a century, and to effectually shield them from the abuse of the power in the future, by fettering both the State and her functionaries. To that end it was that Article 209 was formulated, limiting State taxation to *six* and municipal taxation to *ten* mills on the dollar of valued property.

Necessarily, all anterior legislation, general or special, inconsistent with the Constitution, was abrogated at the appointed time after its going into operation, and it became of no effect. Indeed, Article 258 wisely provides for such cases.

It, therefore, follows that, if section 14 of the charter under consideration antagonized with the Constitution, it was either totally repealed or amended so as to conform with it; the more so as the language used restrictive of the power of taxation by the State, or by municipal corporations, is couched in *negative* terms.

If the provision of the section harmonized with the Constitution, then it reads with the organic law in the sense that State and municipal taxation are limited, the former to *six*, the latter to *ten* mills, throughout the State—the cities and towns within her territory.

When the charter issued there existed no constitutional restraint on the power of taxation. The check was put upon it by the Constitution of 1879, which now reigns supreme on the subject, any legislation anterior or posterior notwithstanding.

The vague, indefinite and unsatisfactory legislation of 1878, open to mischievous or injurious construction, has taken form and substance, and acquired fixity and inflexibility, by the adoption of that provision of the Constitution of 1879, which forbids in prohibitory language parochial and municipal taxation from exceeding ten mills and therefore authorizes by implication such taxation to that limit.

It is, therefore, apparent that when in 1881 the city council of Baton Rouge levied the tax complained of, it exercised a power with which it had been and was expressly vested. Whether it has done so judiciously or not, involves the issue of the propriety of an administrative act, with which this Court has no concern.

Judgment affirmed, with costs.